IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN SHERIDAN HOCHSTETLER, | |
| Plaintiff, | 8:24CV254 |
| vs. | |
| SARPY COUNTY DEPARTMENT OF CORRECTIONS, Official capacity; WELLPATH CARE, INC., Official capacity; RYAN J. MAHR, former Director SCDC, Individual capacity; BRAD C. RISLEY, RN Health Services Administrator, Individual capacity; and JOHN DOE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis ("IFP"). *See* Filing No. 5. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 for violations of his right to be free from cruel and unusual punishments under the Eighth Amendment and right to equal protection under the Fourteenth Amendment. Filing No. 1 at 3. Plaintiff sues the Sarpy County Department of Corrections; Wellpath Care; Ryan J. Mahr, identified as the former director of Sarpy County Department of Corrections; and Brad Christopher Risley, identified as a registered nurse and the Health Services Administrator for the Sarpy County Jail. Filing No. 1 at 3, 4. Plaintiff sues Defendants Mahr and Risley in their

individual capacities. *Id*. The caption of the Complaint also lists a John Doe defendant, *see id.* at 1; however, the Complaint alleges no facts about a John Doe defendant.

On August 16, 2023,[1] Plaintiff was placed in the Sarpy County Jail. *Id*. at 4. At that time, Plaintiff informed jail medical staff that he was experiencing problems with his implanted Nevro Spinal Cord Stimulator (the "Stimulator"). *Id*. Medical staff informed Plaintiff that they could not do anything about it. *Id*. Approximately two days later, Plaintiff filed a grievance about the "denial." *Id*. After Plaintiff filed his grievance, "Sgt. Stone" brought Risley to Plaintiff's housing unit. *Id*. Risley informed Plaintiff that "that they didn't have to allow [Plaintiff] to have his implanted medical device and that [Risley] would make sure that [Plaintiff] would never see any outside medical to have the issue addresses [sic]." *Id*.

At a time not specified in the Complaint, Plaintiff followed up with the Ombudsman's office, who requested Plaintiff's records. *Id*. Plaintiff asserts that in the "intervening time," all of his requests had been deleted from the system. *Id*. Plaintiff asserts that his records were deleted to "cover up the situation" because Plaintiff had informed "them" that he would be seeking further redress. *Id*.

On December 6, 2023, Plaintiff was taken to the Emergency Department at Midlands Hospital in Papillion, Nebraska, due to chest pains and extremely high blood pressure. *Id*. at 5. In Plaintiff's discharge orders, the attending physician directed that Plaintiff was to follow up with a cardiologist within a day of Plaintiff's discharge from the hospital. *Id*. Plaintiff was never taken to

---

[1] The Court presumes Plaintiff referenced "2024" in error because Plaintiff's other allegations are alleged to have occurred in 2023.

2

see a cardiologist, even though "the medical department" was aware of the incident and of Plaintiff's two prior myocardial infarctions. *Id.*

For several weeks, Plaintiff tried to get the medical department to follow up. *Id.* However, he was eventually told by "Nurse Heather" that Risley directed that the "doctor's orders be ignored as he said [Plaintiff] was to get no outside medical help." *Id.* Plaintiff asserts that the officers, supervisors, and administrators of the Sarpy County Jail were aware of Plaintiff's condition and the orders to refuse medical treatment. *Id.*

Plaintiff asserts that, due to Defendants' refusal to arrange treatment, he suffered debilitating pain for seven months. *Id.* at 6. During those seven months, Plaintiff could not get out of bed or take care of normal activities of daily living. *Id.* After Plaintiff was released from custody, his treating neurosurgeon discovered that the leads to the Stimulator had been damaged and moved. *Id.* Plaintiff also discovered that had the situation been addressed when he was first incarcerated, he would not have had to continue in debilitating pain. *Id.* Plaintiff is now facing the possibility of another surgery to correct the issue. *Id.*

Plaintiff seeks an injunction preventing Defendants from destroying or altering medical records or communications concerning these incidents. *Id.* Plaintiff also seeks damages to pay for correction of the Stimulator, $585,000 in damages for pain and suffering, and punitive damages in the amount of $1,500 per day from August 16, 2023, to September 9, 2024. *Id.* Plaintiff also seeks an order requiring the Sarpy County Department of Corrections and Wellpath Care be supervised by the Court to ensure a similar incident does not occur again. *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

4

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

### A. Claims Against Sarpy County Department of Corrections

Defendant Sarpy County Department of Corrections must be dismissed from this action without prejudice because it is not a distinct legal entity subject to suit. *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Accordingly, any claims against the Sarpy County Department of Corrections are dismissed.

### B. Claims Against Wellpath Care

Plaintiff alleges Defendant Wellpath Care is an entity contracted to provide medical services at the Sarpy County Jail. Filing No. 1 at 4. It is well settled that a corporation providing prison medical services cannot be held liable for the wrongful conduct of its employees in a § 1983 action. *Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). Moreover, a corporation can only be held liable if it had unconstitutional policies or practices that caused Plaintiff's injuries. *Id.*; *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993). Plaintiff's only specific allegation against Wellpath Care is that it "systematically abused" inmates at the Sarpy County jail. Filing No. 1 at 5. This conclusory allegation is insufficient to state

5

a plausible constitutional claim for relief. *See Ashcroft*, 556 U.S. at 678 (explaining that "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Accordingly, Plaintiff's claims against Wellpath Care must be dismissed.

## C. Claims Against Ryan J. Mahr

Plaintiff names Ryan J. Mahr, in his individual capacity as the former director of the Sarpy County Department of Corrections. However, the Complaint fails to set forth any factual allegations suggesting Mahr had any personal involvement in Plaintiff's alleged inadequate medical treatment. As noted above, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Because the Complaint fails to allege Mahr's personal involvement in any constitutional violation and merely names him as a defendant, Plaintiff's claims against him are dismissed for failure to state a claim.[2] *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against

---

[2] To the extent Plaintiff attempts to assert any claim against a John Doe defendant, such claims must be dismissed for the same reason.

6

defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

### D. Claims Against Brad C. Risley

Plaintiff asserts his remaining claims under 42 U.S.C. § 1983 against Brad C. Risley, in his individual capacity. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Construed liberally, Plaintiff asserts violations of his rights under the Eighth Amendment[3] and the Equal Protection Clause of the Fourteenth Amendment

#### 1. Eighth Amendment - Deliberate Indifference to Medical Needs

Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials are forbidden from "unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). A claim of deliberate indifference to medical needs is described as carrying both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

In a deprivation of medical care case, the inmate must show (1) an objectively serious medical need; and (2) the defendants actually knew of the

---

[3] Plaintiff does not allege whether he was booked into the Sarpy County Jail as a pretrial detainee or as a convicted prisoner. While the Eighth Amendment applies to cases brought by prisoners who have been convicted, those same types of claims must instead be analyzed under the Fourteenth Amendment in the case of pretrial detainees. *Stearns v. Inmate Servs. Corp., et al.*, 957 F.3d 902 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). For purposes of initial review, the Court analyzes the claims under the Eighth Amendment standard.

medical need but were deliberately indifferent to it. *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481–82 (8th Cir. 2008); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). "A showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, Plaintiff alleges that he suffered from severe pain due to a complication from an implanted spinal cord stimulator. Filing No. 1 at 4, 6. Plaintiff also alleges that he had a history of heart issues and, while incarcerated, suffered chest pains that were severe enough to require emergency medical treatment. *Id.* at 5. As part of Plaintiff's discharge, the attending emergency physician ordered that Plaintiff see a cardiologist within a day. *Id.* Plaintiff also alleges that he experienced seven months of debilitating pain that prevented him from carrying on normal daily activities. *Id.* at 6. The Court concludes that, for the purposes of initial review, the objective component is met.

The subjective element requires Plaintiff to plead that each defendant acted with a sufficiently culpable state of mind. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). The Plaintiff must show a prison official knew of and disregarded the objectively serious medical need. *Roberson v. Goodman*, 293 F. Supp. 2d 1075, 1080 (D.N.D. 2003), *aff'd*, 114 F. App'x 772 (8th Cir. 2004) (citing *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002); *Miller v. Schoenen*, 75 F.3d 1305, 1309 (8th Cir. 1996) (citing *Estelle*, 429 U.S. at 105)). The Complaint alleges Risley knew that Plaintiff had the Stimulator, but directed that Plaintiff not receive outside medical treatment for any issue with the Stimulator. Filing No. 1 at 4. Plaintiff also alleges that Risley refused to allow

Plaintiff to see a cardiologist after Plaintiff's emergency medical treatment. *Id.* at 6. At this stage in the proceedings, Plaintiff has sufficiently alleged that Risley knew of and disregarded a serious medical need. That is enough for Plaintiff's claim against Risley to proceed.

### 2. Fourteenth Amendment – Equal Protection

Although Plaintiff references the Equal Protection Clause, Filing No. 1 at 3, Plaintiff does not directly describe the basis for his Equal Protection claim.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998). Here, Plaintiff has alleged no facts to show he was treated differently from other prisoners similarly situated to him. Because he fails to provide any facts to support an Equal Protection claim, this claim must be dismissed.

### IV. CONCLUSION

In light of the liberal construction afforded to pro se litigants' pleadings, the Court concludes that Plaintiff has sufficiently alleged a claim for deliberate indifference to Plaintiff's serious medical needs against Defendant Brad C. Risley in his individual capacity. Accordingly, this claim may proceed to service of process. Plaintiff's Equal Protection claims and deliberate indifference claims against the other defendants are dismissed.

IT IS THEREFORE ORDERED that:

1. Only Plaintiff's claim for deliberate indifference to medical needs claim against Brad Risley, in his individual capacity, may proceed.

2. The remainder of Plaintiff's claims against all other defendants are dismissed without prejudice.

3. For service of process on Risley, in his individual capacity, the Clerk of Court is directed to complete a summons and USM-285 form for Risley using the address set forth on page 3 of the Complaint.

4. The Clerk of Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 1, and this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve Defendant Risley in his individual capacity by certified mail or other authorized method of service at the addresses shown above. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual). For service by certified mail or designated delivery service, the Marshals Service shall serve Defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

6. The Clerk of Court is directed to file under seal any document containing the personal address of Defendant Risley.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until **September 30, 2025**, to complete service of process.

9.    Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10.    The Clerk of Court is directed to set a case management deadline in this case with the following text: **September 30, 2025**: service of process to be completed.

11.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12.    Because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 2nd day of July, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge